**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Linda K. Hadley, | No. CV-14-08205-PCT-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Elizabeth Stout, et al., | |
| Defendants. | |

At issue is Defendants' Motion for Summary Judgement ("MSJ") (Doc. 80).

**I.   BACKGROUND**

Defendant Revolutionary Services, LLC, d/b/a Stout Wellness Center ("Stout Wellness") is a Nevada Limited Liability Company doing business in Arizona as a healthcare clinic. (Doc. 81, Defs.' Statement of Facts in Supp. of MSJ ("DSOF") ¶ 1; Doc. 86, Pl.'s Controverting Statement of Facts in Resp. to DSOF ("PCSOF") ¶ 1.) Stout Wellness is owned and operated by Dr. Allen Stout, a chiropractor and registered nurse. (DSOF ¶ 1; PCSOF ¶ 1.) Plaintiff was hired as a nurse practitioner for Stout Wellness in June 2012. (DSOF ¶ 4; PCSOF ¶ 4.) At the time she was hired, Plaintiff signed an employment contract that specified, among other things, her compensation. (DSOF ¶ 4; PCSOF ¶ 4.) In September 2012, Plaintiff and Dr. Stout signed an addendum to the original employment contract. (DSOF ¶ 6; PCSOF ¶ 6.)

On or about May 26, 2013, Plaintiff injured her back while lifting a case of water at home and informed Dr. Allen Stout of her injury on or about May 28, 2013. (DSOF ¶

10; PCSOF ¶ 10.) At the time of her injury, Plaintiff was the only Stout Wellness employee authorized to write prescriptions. (DSOF ¶ 12; PCSOF ¶ 12.) The parties dispute whether Plaintiff exhibited physical limitations or disabilities after her injury that would impair her ability to work. (DSOF ¶ 13; PCSOF ¶ 13.) Beginning in June 2013, Plaintiff worked a reduced schedule due to her alleged physical limitations and continued to receive her full salary. (DSOF ¶¶ 14-15; PCSOF ¶¶ 14-15.)

On June 28, 2013, Plaintiff left a voicemail at Stout Wellness stating that she was unavailable to work that day. (DSOF ¶¶ 18-19; PCSOF ¶¶ 18-19.) Defendants allege that after tracing Plaintiff's location through her cell phone, it placed her at a local casino. (DSOF ¶¶ 18-19; PCSOF ¶¶ 18-19.)[1] That same day, Dr. Stout, Ms. Elizabeth Stout, and Ms. Tanci Colburn conducted a meeting, in which they decided to seek another medical provider for Stout Wellness. (DSOF ¶ 21; PCSOF ¶ 21.) Defendants allege that on August 27, 2013, Plaintiff entered Dr. Stout's office and accessed the file of Dr. Coyle, a prospective employee, without authorization. (DSOF ¶ 22.) Defendants allege that after Plaintiff viewed Dr. Coyle's application for employment, which contained a request for 30% of collection in the compensation package, Plaintiff began to demand her base salary plus 30% of collections. (DSOF ¶¶ 22-23.) In September 2013, Plaintiff's husband, a client of Stout Wellness, posted disparaging comments about Stout Wellness on a social media platform. (DSOF ¶ 24; PCSOF ¶ 24.) On October 1, 2013, Defendants presented an new employment agreement to Plaintiff which Plaintiff rejected. (DSOF ¶ 25; PCSOF ¶ 25.) Defendants allege that the last day Plaintiff worked was October 15, 2013, while Plaintiff alleges that she worked through at least November 15, 2013. (DSOF ¶¶ 26-29; PCSOF ¶¶ 26-29.) On November 7, 2013, Plaintiff sent a text message to Dr. Stout stating that her resignation was effective November 15, 2013. (DSOF ¶ 32; PCSOF ¶ 32.)

---

[1] Defendants have submitted a picture that they claim was taken of Plaintiff while she was in the casino. (DSOF ¶ 20; *see* Doc. 81-8, Ex. 8 at 2.) Plaintiff argues that the picture is inadmissible because of its quality and the inability to identify the person in the photograph. (PCSOF ¶ 20.) The Court agrees, there is no date or time stamp on the photograph, the picture is grainy, and there is no way for the Court to verify that it is in fact of Plaintiff. Therefore, the Court will not consider the photograph Defendants provided.

Plaintiff has alleged claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Americans with Disability Act ("ADA"). (Doc. 38, Second Am. Compl. ¶¶ 1-5.)[2] Plaintiff alleges that Defendants breached her original employment agreement by not paying her 30% of revenues generated and not paying her for work between October 31 and November 15, 2013, and breached the addendum to the contract by not paying her a reduced bonus of $1,000 a month for the months she was employed. (*Id.* ¶¶ 1-3.) Plaintiff alleges that Defendants violated the ADA by withholding compensation and failing to accommodate her limitations. (*Id.* ¶ 4.) Plaintiff also alleges that Defendants breached the implied covenant of good faith and fair dealing by giving her positive feedback while seeking to replace her with another nurse practitioner. (*Id.* ¶ 5.) Defendants now move for summary judgement arguing that Plaintiff's breach of contract claim is barred by the statute of limitations, her claim for damages is implausible, and she fails to provide sufficient facts for her breach of the implied covenant of good faith and fair dealing, breach of contract, and ADA claims. (MSJ at 10.)[3]

## II.   LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 56, summary judgment is properly granted when: (1) there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

---

[2] Although Plaintiff also alleged claims for fraudulent concealment, fraudulent misrepresentation, tortious interference with a business relationship, and civil conspiracy, Plaintiff concedes that these claims cannot survive Defendants' Motion for Summary Judgment. (*See* Am. Compl. ¶ 5; Doc. 85, Pl.'s Resp. to MSJ ("Resp.") at 2.) The Court therefore grants Defendant's Motion as to these four causes of action.

[3] Defendants also argue that Defendants Dr. Stout and Ms. Stout are wrongfully sued because Stout Wellness was Plaintiff's employer. (MSJ at 16.) Plaintiff did not respond to this argument and does not dispute that Stout Wellness was her employer or that the evidence establishes such. (*See* Doc. 81-5, Addendum to Contract (addendum to employment agreement signed between Revolutionary Services, LLC and Plaintiff).) Because the Court concludes that the proper defendant for all remaining claims is Plaintiff's employer, the Court grants summary judgment in favor of Defendants Dr. Stout, and Ms. Stout. *See Wagenseller v. Scottsdale Memorial Hosp.* 710 P.2d 1025, 1040-41 (Ariz. 1985); 42 U.S.C. § 12111.

(1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material, and "all inferences are to be drawn in the light most favorable to the non-moving party." *Eisenberg*, 815 F.2d at 1289; *see also Celotex*, 477 U.S. at 324. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

### A. Breach of Contract Claim

Defendants argue that Plaintiff's breach of employment contract claim is untimely because she filed her initial Complaint outside of the one-year statute of limitation. (MSJ at 10-11.) Defendants specifically allege that Plaintiff's last day of work was October 15, 2013; therefore, her October 22, 2013 filing was untimely. (*Id.* at 11.) Plaintiff argues that her last day of work was November 15, 2013; therefore, her Complaint was timely. (Resp. at 3.) Plaintiff's claim accrued on her last day of employment. *Fallar v. Compuware Corp.*, 202 F.Supp. 2d 1067, 1077 (D. Ariz. 2002). The statute of limitations for breach of a written employment contract is one year. A.R.S. § 12-541(3). The evidence in the record demonstrates that Plaintiff texted Dr. Stout on October 15, 2013 stating that she was on medical leave and did not want to be contacted by Stout Wellness any further. (*See* Doc. 81-15, Text Message Excerpts at 3.) There is also evidence that Dr. Stout sent Plaintiff a text message on November 15, 2013 wherein he stated that Plaintiff

was no longer responsible for patient care in the office. (*See* Resp. Ex- 8 at 58.)[4] While the first text message could support a finding that Plaintiff stopped working on October 15, a reasonable jury could conclude that Plaintiff continued to do some work on Stout Wellness' behalf after October 15, based on the subsequent text message she received from Dr. Stout.[5] These contradictory messages are sufficient to create a dispute of material fact as to when Plaintiff ceased working; therefore, the Court cannot conclude that the statute of limitations had run when Plaintiff filed her Complaint.

Plaintiff alleges that Defendants breached her original employment agreement by not paying her 30% of revenues generated and not paying her for work between October 31 and November 15, 2013, and breached the addendum to the contract by not paying her a reduced bonus of $1,000 a month for the months she was employed. (Second Am. Compl. ¶¶ 1-3.) Neither party has produced the original contract because it was taken by the Inspector General's Office during a raid in October 2012. Defendants argue that they are entitled to summary judgment because no reasonable jury could conclude that Plaintiff is entitled to 30% of her collections. (MSJ at 11-12.)[6] Defendants specifically argue that because Plaintiff waited 14 months to first make the request for the percentage of her collections, the claim must be untrue. Plaintiff argues that the inability to provide her employment contract should not be construed against her, and that Defendants' salary

---

[4] Defendants ask the Court not to consider the text messages Plaintiff has submitted with her Controverting Statement of Facts because they are inadmissible hearsay. (Doc. 89, Defs.' Reply to Resp. at 4.) Defendants ask the Court to reject the text messages while simultaneously submitting some of the very same text messages to support its Motion. (*See* MSJ at 11; DSOF ¶ 31.) The Court declines Defendants' request because the statements are admissible as statements of a party opponent. *See* Fed. R. Evid. 801(d)(2).

[5] Plaintiff also provided text messages between herself and Ms. Colburn, the office manager, through November 5, 3013, wherein Plaintiff authorizes prescription refills, advises Ms. Colburn on how to provide wound care, and recommends patient treatment plans. (*See* Resp. Ex. 13 at 69-79.)

[6] Defendants also argue that Plaintiff fails to provide sufficient evidence for her breach of the addendum contract claim. (MSJ at 13-15.) Defendants specifically argue that there is no evidence that Plaintiff possessed a "serious health condition" or that she quit because of that condition. (MSJ at 13.) Plaintiff does not respond to this argument. Therefore, the Court grants Defendant's motion as to Plaintiff's breach of the addendum contract claim.

negotiation with a new practitioner that included a 30% of collection term makes it possible for a reasonable jury to accept her assertion. (Resp. at 4.) In a motion for summary judgment the burden is on the moving party to present evidence of no dispute of material fact. *See Eisenberg*, 815 F.2d at 1289. Here, Defendants have failed to meet their burden because although at trial the burden will belong to Plaintiff, they have not demonstrated that the original contract was identical to the addendum. As Plaintiff points out, the original contract was in Defendants' control and Plaintiff has attempted to retrieve it by submitting a Freedom of Information Act request to the Office of the Inspector General. (*See* PCSOF Exs. 4 & 17- Pl.'s Aff. ¶ 6.) The Inspector General denied the request because the investigation is still open. (PCSOF Ex. 4.) Because Plaintiff's breach of contract dispute has become a case of he said, she said, a factfinder is more appropriate to assess the credibility of both parties when only the parties were present for the original contract signing. *See Cal. Steel & Tube v. Kaiser Steel Corp.*, 650 F.2d 1001, 1003 (9th Cir. 1981) ("In considering such a motion, the trial judge may not evaluate the credibility of a witness or weigh the evidence."). Therefore, the Court will not grant summary judgment on Plaintiff's breach of the original contract claim.

### B. Breach of the Implied Covenant of Good Faith

Defendants argue that Plaintiff cannot prevail on a claim for breach of the implied covenant of good faith because she must demonstrate that she was discharged from Stout Wellness so that Defendants could avoid paying her the benefits she had earned, but the evidence unequivocally demonstrates that Plaintiff quit her position at Stout Wellness. (MSJ at 13.) Plaintiff argues that the covenant can be breached even if she quit, so long as Defendants acted in bad faith and deprived her from receiving the benefits that she had earned. (Resp. at 5.)

"Arizona law implies a covenant of good faith and fair dealing in every contract." *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 28 (Ariz. 2002). The implied covenant of good faith and fair dealing prohibits a party from doing anything to prevent other parties to the contract

from receiving the benefits and entitlements of the agreement. *Id.* "[A] party may nevertheless breach its duty of good faith without actually breaching an express covenant in the contract." *Id.* at 29. Per Plaintiff's Complaint, Defendants breached the covenant when they held a clandestine meeting about Plaintiff on June 28, 2013 and intended to replace Plaintiff despite giving "glowing reports." (Doc. 38, Am. Compl. ¶ 5.) Dr. Stout thanked Plaintiff for working on the weekend and coming in even though she wasn't 100%; Ms. Colburn thanked Plaintiff for providing refills from home; and Ms. Nikki Allen thanked Plaintiff for providing refills for suicidal patient while getting a person certified to replace Plaintiff. (*Compare* PCSOF Ex. 9 at 47, 49; Ex. 13 at 69, 88 *with* PCSOF Ex. 9 at 57-58.) The text messages Plaintiff produced demonstrates that Dr. Stout and other employees thanked Plaintiff while seeking to replace her, which raises an issue of material fact for a factfinder as to whether Defendant was negotiating or executing the contract in good faith. Therefore, the Court will not grant summary judgment in favor of Defendants on Plaintiff's breach of the implied covenant of good faith claim.

### C. Americans with Disabilities Act ("ADA") Claim

Defendants argue that Plaintiff's ADA claim fails as a matter of law because Defendant Revolutionary Services never employed 15 or more employees at the same time, for each working day in each of 20 more calendar weeks in the current or preceding year during which Plaintiff was employed. (MSJ at 15.) Defendants also argue that there is no evidence that Plaintiff was discriminated against because of her disability or that they failed to accommodate her disability. (*Id.* at 15-16.) Plaintiff argues that Defendants did employ more than 15 people while she was employed there. (Resp. at 6.) Plaintiff also argues that Defendants discriminated against her by not paying her percentage of collections and harassed her by tracking the GPS on her phone. (*Id.* at 6-7.)

Under the ADA, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111(5)(a). Defendants provided their Unemployment Tax and

Wage Report from 2012 through 2015 demonstrating that they had no more than 13 employees at one time during that time period. (*See* Doc. 81-2, Ex.2 Unemployment Tax and Wage Report.) Plaintiff's sole piece of contradictory evidence is her own affidavit wherein she summarily avers that some employees were misclassified as independent contractors. (*See* Doc. 86, Ex. 17, Pl.'s Decl. in Supp. of PCSOF ¶ 4.) While Plaintiff cites income tax liens as support that Defendants' tax reports may be in error, such speculation does not constitute admissible evidence. Because Plaintiff has not provided admissible evidence to controvert Defendants' proof that Revolutionary Services was not an "employer" as defined in the ADA, the Court grants summary judgment for Defendants on Plaintiff's ADA claim.

## III. CONCLUSION

The Court grants summary judgment in favor of Defendants for Plaintiff's fraudulent concealment, fraudulent misrepresentation, tortious interference with a business relationship, and civil conspiracy claims, as Plaintiff concedes these claims cannot survive Defendants' Motion. The Court also grants summary judgment in favor of Defendants Dr. Stout and Ms. Stout because they are not Plaintiff's employers and therefore cannot be sued individually for Plaintiffs' remaining breach of contract or ADA claims. Summary judgment is also granted in favor of Defendant Stout Wellness on Plaintiff's ADA claim because Plaintiff has failed to create an issue of material fact as to the number of employees Defendant employed during her employment. Summary judgment is also granted in favor of Defendant Stout Wellness on Plaintiff's breach of the addendum contract claim because Plaintiff failed to create a dispute of material fact regarding her reason for leaving Stout Wellness. Plaintiff's claims for breach of the original contract and breach of the implied covenant of good faith survive Defendants' Motion.

**IT IS ORDERED** granting in part and denying in part Defendants' Motion for Summary Judgment (Doc. 80). Defendants' Motion is denied as to Plaintiff's claims for breach of the original contract and breach of the implied covenant of good faith as to

- 8 -

Defendant Revolutionary Services d/b/a Stout Wellness only. Defendants' Motion is granted as to Plaintiff's remaining claims.

**IT IS FURTHER ORDERED** dismissing Defendants Dr. Stout and Ms. Stout.

Dated this 9th day of June, 2016.

Susan R. Bolton
United States District Judge